The opinion of the court was delivered by
Miller, J.
This is an application for a mandamus to compel the defendants, the Mayor and Council of Monroe, to promulgate the result of an election held in Monroe on the 10th of April, 1888, to determine whether a tax should be levied in aid of the construction *1277 of the Houston, Central Arkansas & Northern Railroad Company, the relators acquiring by assignment from the railroad company the right to such taxes.
The defendants resist the application on various grounds: that no demand has beenmade for the promulgation and there has been no refusal of promulgation; that relators had not used due diligence to secure the returns, and their demand is stale; that more than five years have elapsed since the election during -which the relators have had it in their power to compel the commissioners of the election to make their return; that no returns have been made and all data of the election, except as shown, has been lost, and the fault of the relators is charged to have been the cause the law was not complied with•, that it is beyond defendants’ power to comply with the mandamus; that they never had possession of the returns. The answer further assails the election itself, and the returns claimed to have been filed with the clerk of the court as false and fraudulent, the fraud in respect to the election being in the alleged fraudulent votes cast, and the answer asserts a discretionary power in the Council in respect to promulgating the returns, of which discretion it is charged the issue of the writ would deprive defendants.
The Act No. 35 of 1886 provides for elections to determine the question of taxing the property of cities, towns and parishes in aid of railway enterprises. Constitution, Art. 242. If such tax is approved by a majority of the tax-payers at the election to be conducted in accordance with the general election law, the act makes it the duty of the municipal authorities of the town, city or parish to levy the tax. Act, Secs. 1, 2, 3, 4. This court, in its previous opinion between these parties, held that the preliminary step to claiming the imposition of the tax was to obtain the promulgation of the returns, and reserved the relators’ rights to compel that promulgation.
We gather from the brief and argument of defendants that the discretionary power, asserted for them in respect to the election under consideration, relates to fraudulent votes claimed to have been east, for reference is made in the brief to defendant’s efforts in the lower court to show fraudulent and illegal voting, and it is claimed that this discretion also exists in the council to. determine .whether there shall be any promulgation at all. This theory of a discretionary power runs through the entire defence in this court. We are at a *1278 loss to conceive whence it is derived. If it exists, the power to vote the tax which the Constitution and legislation vests in the property tax-payer, is controlled by the discretion of the municipal authorities, to be exerted after the votes of the tax-payers have been cast. The power claimed for the municipal authorities assumes they shall determine whether illegal votes have been cast, and for this cause, or because they deem the returns illegal, they shall have the discretion to make no promulgation of the result and refuse to give effect to the election. In our view no such power exists in the Council and Mayor. Their functions in all respects are ministerial, save thatthey must ascertain if the petitionof the tax-payers is signed by the requisite number prescribed by the first section of the act, and their determination on this point is, of course, subject to judicial control. On the presentation of the petition, properly signed, the election must be ordered and the result proclaimed. If in favor of the tax, it must be levied and applied as directed by the act. From first to last the writ of mandamus is available to any and all parties in interest to compel obedience to duties purely ministerial. High on Extraordinary Remedies.
If frauds are committed in the election of a character to vitiate the tax, or other causes exist to oppose it, the remedy is not to be sought in any discretion of the Council. Instances are not infrequent of taxes of this character being resisted, nor has there been the least difficulty in finding suitable remedies where there is ground for their application, but remedy and relief is not by the refusal of the municipal authorities to perform ministerial acts. There is, in our view, no place in this discussion for questions of fraudulent voting, or other defences intimated against the tax itself. Such issues can have no determination to bind anybody on the mere issue whether the result of an election shall be announced by those charged with the duty. Hence, while we have given due attention to all these defences, we are clear they are foreign to the issue here and need no other comment.
On the issue that the defendant can not perform the duty, we must be controlled by the proof and the nature of the duty to be performed. It is, as we appreciate the testimony, proved that the returning officer handed the returns of the election to the secretary and treasurer of the Common Council at the meeting of the Council itself. Copy of the returns doubtless can be found in the proper *1279 custody. The previous litigation has been conducted on no such ground as inability to make the returns, and the present defence on that ground is hardly consistent with the other positions assumed by defendants.
As to the lapse of time no prescription has accrued, nor are de - fendants in any position to urge delays imputable to them alone.
It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed, and that the writ of mandamus issue as prayed for in the petition of relator, and that defendants pay costs.
Rehearing refused.